**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CHRISTOFER ALEJANDRO LAZCANO,

(A-No. 234-116-747)

Petitioner,

v.

WARDEN/ FACILITY ADMINISTRATOR CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.[1],

Respondents.

Case No. 1:26-cv-05916-JLT-EPG

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

## I. INTRODUCTION

Before the Court is Christopher Alejandro Lazcano's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28

---

[1] Respondents move to strike and dismiss all inappropriately named officials. (Doc. 6 at 1 n.1.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "*Padilla* set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court **DENIES** Respondents' motion to dismiss.

U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting that Petitioner is detained under 8 U.S.C. § 1187(c)(2)(E) after overstaying his nonimmigrant visa. (Doc. 6 at 1–3.) For the reasons set forth below, the Court **GRANTS** the habeas petition.[2]

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. BACKGROUND

Petitioner is a citizen of Chile who entered the United States on July 18, 2022, under the Visa Waiver Program ("VWP") on a nonimmigrant visa. (Doc. 1 at 5; Doc. 6 at 2.) Petitioner's visa expired on October 15, 2022, but he stayed in the country, nonetheless. (Doc. 6 at 8.) Before his arrest by ICE, Petitioner lived with his wife and daughter in Florida, worked as an independent contractor, and regularly filed taxes. (*See id*. at 6, 35–45.) Petitioner has no criminal history. (Doc. 6 at 8.)

On April 3, 2024, Petitioner filed an I-589 Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture. (Doc. 1 at 6) His application includes his wife and daughter as derivative applicants. (*Id*.) Petitioner also applied for employment authorization, which USCIS approved on October 4, 2024, valid until October 3, 2029. (*Id*. at 6, 27, 29, 192.) Petitioner's application for asylum remains pending and he is not

---

[2] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 5.) Respondents do not request a hearing or further briefing. (Doc. 6 at 5.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying petition.

currently subject to a final order of removal.[3] (*See* Doc. 1 at 6; Doc. 6 at 8.)

On June 16, 2026, Petitioner was arrested by a Customs and Border Protection agent in Florida. (Doc. 6 at 8.) The agent observed Petitioner's car, ran the plate, and learned that Petitioner was a citizen of Chile who had overstayed his visa. (*Id.*) The agent then conducted a vehicle stop and arrested the Petitioner. (*Id.*) In doing so, DHS issued an I-200 administrative warrant for Petitioner's arrest and charged him as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act, codified in 8 U.S.C. § 1227(a)(1)(B). (*Id*. at 11, 13.) That day, DHS also issued a final administrative order ordering Petitioner removed to Chile. (*Id*. at 16.) According to the removal order, given Petitioner's status as a VWP violator, his "order is final and not subject to administrative appeal," and that "DHS will proceed with your removal . . . unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the . . . Executive Office for Immigration Review." (*Id.*) Notably, Petitioner admitted to the allegations and charges of removability, but requested asylum, withholding or deferral of removal to Chile, and claimed a fear of torture in that country. (*Id*. at 14.)

On July 2, 2026, Petitioner was subsequently transferred to California City Detention Facility where he remains. (Doc. 1 at 7.) On July 22, 2026, an Immigration Judge denied Petitioner's request for a custody redetermination under 8 C.F.R. § 1236. (*Id.*) The IJ denied bond for lack of jurisdiction, explaining that because Petitioner entered under the VWP, no Notice to Appear had been filed and this was an asylum-only proceeding, the Court lacked authority/ jurisdiction to grant bond under 8 C.F.R. § 1208.2(c)(3)(i) and *Matter of A-W-*, 25 I&N 45 (BIA 2009). (Doc. 6 at 20.) On July 28, 2026, Petitioner filed a petition for writ of habeas corpus and motion for TRO, arguing that his detention violates the Fifth Amendment Due Process Clause and requesting immediate release or a bond hearing. (Doc. 1 at 13–16; Doc. 2.) On August 5, 2026, Respondents filed an opposition arguing that Petitioner was subject to

---

[3] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's case is pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 17, 2026).

mandatory detention under 8 U.S.C. § 1187(c)(2)(E) while his removal proceedings are ongoing. (Doc. 6 at 1–5.) On August 10, 2026, Petitioner filed a reply, as well as a supplemental brief in support of immediate release. (Docs. 7, 8.)

## IV. DISCUSSION

Respondents argue that Petitioner is mandatorily detained under 8 U.S.C. § 1187(c)(2)(E) as a VWP violator. (Doc. 6 at 3.) The Visa Waiver Program permits certain noncitizen visitors to enter the United States for a period of up to ninety days without a visa. 8 U.S.C. § 1187(a)(1) ("The Secretary of Homeland Security and the Secretary of State are authorized to establish a program . . . under which the requirement of paragraph (7)(B)(i)(II) of section 1182(a) of this title may be waived . . . , in the case of an alien who meets the following requirements: Seeking entry as tourist for 90 days or less—The alien is applying for admission during the program as a nonimmigrant visitor . . . for a period not exceeding 90 days.") (emphasis added); *see also* 8 U.S.C. 1182(a)(7)(B)(i)(II) ("Any nonimmigrant who—is not in possession of a valid nonimmigrant visa or border crossing identification card at the time of application for admission, is inadmissible.") (emphasis added).

In exchange, noncitizens admitted under this program agree to waive their right to appeal or contest any action for removal, except based on an application for asylum. 8 U.S.C. § 1187(b)(1)–(2) ("An alien may not be provided a waiver under the [Visa Waiver] program unless the alien has waived any right—to review or appeal under this chapter of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or to contest, other than on the basis of an application for asylum, any action for removal of the alien.") (emphasis added). If a VWP participant makes such a challenge, they are granted what is referred to as "asylum-only" hearings in accordance with 8 C.F.R. § 208.2(c)(1) and (c)(2) to determine their removability. *See* 8 C.F.R. § 217.4(a)(1).

In *Matter of A-W-*, the BIA held that a VWP violator, who has not been served with a Notice to Appear pursuant to 8 C.F.R. § 1240, is neither detained under 8 U.S.C. § 1226, nor entitled to a custody re-determination hearing before an IJ under 8 C.F.R. § 1236.1(d). *Matter of A-W-*, 25 I&N at 46 n.1, 48. The BIA explained that the regulation at 8 C.F.R. § 1208.2(c)(3)(i)

expressly "prohibit[s]" a party in asylum-only proceedings from raising "any other issues" before the IJ. *Matter of A-W-*, 25 I&N at 46–48; *see* 8 C.F.R. § 208.2(c)(3)(i) ("Rules of procedure—The scope of review in proceedings conducted pursuant to paragraph (c)(1) [and paragraph (c)(2)] of this section shall be limited to a determination of whether the alien is eligible for asylum or withholding or deferral of removal . . . During such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief.") (emphasis added).

Additionally, the BIA found that "the statutory authority for the applicant's detention is contained in section 217(c)(2)(E) of the Act, 8 U.S.C. § 1187(c)(2)(E), not section 236 of the Act, 8 U.S.C. § 1226." *Matter of A-W-*, 25 I&N at 47. In doing so, the BIA explained that because the "authority to detain the applicant has been transferred to the Secretary of Homeland pursuant to the Homeland Security Act of 2002, . . . which . . . transferred to the Secretary of Homeland Security many of the functions previously exercised by the Attorney General," the Attorney General no longer had authority under § 1187 to delegate to the IJ the ability to grant or conduct bond proceedings. *Id*. at 47–48. However, many courts, including this district, have expressly rejected the BIA's interpretation of § 1187(c)(2)(E) as a detention statute. *See Neziri v. Johnson*, 187 F. Supp. 3d 211, 213 (D. Mass. 2016); *Szentkiralyi v. Ahrendt*, No. 17-1889 (SDW), 2017 WL 3477739, at *2–5 (D.N.J. Aug. 14, 2017); *Gjergj G. v. Edwards*, No. 19-5059 (SDW), 2019 WL 1254561, at *2–3 (D.N.J. Mar. 18, 2019); *Quispe v. Becerra*, No. 1:25-cv-2002 CSK, 2025 WL 3774570, at *4–5 (E.D. Cal. Dec. 31, 2025); *Wei v. Chestnut*, No. 1:26-cv-01065-DJC-CKD, 2026 WL 412203, at *1 (E.D. Cal. Feb. 13, 2026).

Section 1187(c)(2)(E) provides:

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for

> release or removal of any alien.

8 U.S.C. § 1187(c)(2)(E) (emphasis added). The plain language of the statute indicates that it is not a detention statute. *Szentkiralyi*, 2017 WL 3477739, at *3 ("The lynchpin of the BIA's determination in *A.W.* is the BIA's determination that § 1187(c)(2)(E) provides statutory authority for the detention of VWP aliens independent of the general authority to detain aliens pending removal pursuant to § 1226 . . . . Indeed, this language expressly states that it is intended *not* to create any right or duty regarding the "removal or release" of detained aliens."); *Wei*, 2026 WL 412203, at *1 ("Nothing in that section provides DHS authority to arrest and detain someone who has overstayed the period permitted by the VWP."); *Neziri*, 187 F. Supp. 3d at 213 ("The BIA offers no explanation, however, as to why the Secretary of Homeland Security 'cannot delegate any such authority to the Immigration Judge' under 8 U.S.C. § 1226(a) or where in 8 U.S.C. § 1187(c)(2)(E) the BIA finds the Secretary of Homeland Security's authority to detain aliens."). Furthermore, the BIA's interpretation is incorrect because, as explained in *Szentkiralyi*:

> [T]he BIA arbitrarily and capriciously interpreted the effect of transferring the delegation of immigration enforcement and administrative functions from the Attorney General to the Secretary of Homeland Security. The transfer of authority did not expressly strip the Secretary of Homeland Security the authority to delegate to an IJ the powers under 8 C.F.R. § 1236.1(d) previously delegated to the Attorney General, and there is no reason to believe there was an intention to do so.
>
> Furthermore, a plain reading of 8 C.F.R. § 1208.2(c)(3)(i) suggests that it limits only the substantive relief from removal for VWP entrants or violators. Allowing VWP violators who are in custody to request a bond redetermination hearing under 8 C.F.R. § 1236.1(d) does not frustrate the intent of the VWP program to limit the types of substantive relief available. A bond determination is a procedural, not substantive, function.

*Szentkiralyi*, 2017 WL 3477739, at *4.

This Court agrees with the reasoning of the district courts above and holds that Petitioner is detained pursuant to §1226(a) as a noncitizen formerly allowed into the country in 2022, now in removal proceedings, pending an outcome on his asylum application. (Doc. 6 at 14, 16); *Quispe*, 2025 WL 3774570, at *5 ("[T]he only statute which could provide for detention

authority over Petitioner while her removal proceedings are pending is 8 U.S.C. § 1226. Section 1226(a) expressly provides for detention before a final removal order.") (citations omitted); *Wei*, 2026 WL 412203, at *1 (finding that because petitioner, who had overstayed his visa as a visitor for pleasure under the VWP, was entitled to a bond hearing under § 1226(a) because he had been present in the United States since 2018).

In conclusion, the Court finds that Petitioner is entitled to a custody redetermination before an IJ under 8 C.F.R. § 1236.1(d)(1).[4] The Court grants Petitioner's habeas petition in part, to the extent he requests and is entitled to such custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.

5. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-

---

[4] If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, given that Petitioner requested, and was denied bond by the IJ for lack of jurisdiction, (*see* Doc. at 20), the Court finds that pursuit of administrative remedies would be futile.

detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[5]

7. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

8. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 19, 2026_

UNITED STATES DISTRICT JUDGE

[5] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.